UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-85-BR
No. 7:14-CV-296-BR

| | |
|---|---|
| ANGELENA BOYNTON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 47.)

On 30 September 2013, petitioner pled guilty to conspiracy to possess with intent to distribute, and distribution of, a quantity of heroin in violation of 21 U.S.C. §§ 841 and 846. On 5 May 2014, the court sentenced petitioner to 151 months imprisonment. Petitioner did not appeal.

In January 2015, petitioner filed her § 2255 motion. (DE # 39.) Upon initial review, the court directed the government to file an answer or other appropriate response. (DE # 40.) The government filed the instant motion. Despite being notified of the motion, (DE # 49), petitioner has not filed a response.

The government requests that petitioner's § 2255 motion be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if 'it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Ashann-Ra v. United States, Nos. 5:96-CR-39-BR, 5:08-CV-302-BR, 2009 WL 3448431, at *3 (E.D.N.C. Oct. 26, 2009) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In her § 2255 motion, petitioner claims trial counsel was ineffective on a number of grounds. Specifically, she contends that counsel was

ineffective at the investigative stage, at the plea stage, at sentencing, and on appeal. (Mot., DE # 39, at 4, 5, 7, 8.)[1] Elaborating on these claims in her subsequently-filed memorandum in support of her § 2255 motion, petitioner asserts that counsel was ineffective for failing to challenge the calculation of her criminal history points; for failing to object to all guideline enhancements; and, in negotiating the plea agreement with the government. (DE # 43, at 5-8.)

With regard to any claim based on ineffective assistance of counsel,

> a person must show (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that he experienced prejudice as a result, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L .Ed. 2d 674 (1984). A different inquiry is necessary with respect to the prejudice prong, however, where a conviction is based upon a guilty plea. In that situation, a person must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." In discussing "the importance of protecting the finality of convictions obtained through guilty pleas," the Supreme Court recently declared that "[s]urmounting *Strickland's* high bar is never an easy task."

United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (most citations omitted).

First, petitioner claims that counsel failed to properly investigate. In support of this claim, she states, "There was [sic] things I ask [sic] my attorney to investigate, and records to retrieve but to no avail. These things could have helped in the investigation for my innocence." (Mot., DE # 39, at 4.) Petitioner provides no further factual support for this claim. To be sure, trial counsel "possesses a duty to conduct a pretrial investigation that is 'reasonable under prevailing professional norms.'" United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (alteration and citations omitted). However, petitioner cannot rest on vague and conclusory allegations to support her claim. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013). Furthermore,

---
[1] Page citations are to those generated by cm/ecf.

petitioner does not contend that had counsel conducted a more thorough investigation of her case, she would have insisted on going to trial, rather than plead guilty. Therefore, petitioner has not sufficiently stated this claim for relief.

Next, petitioner alleges that counsel was ineffective at the plea stage. In support of this claim, she states, "My counsel did not help me or follow through with assisting me with any of my objections which included enhancements that accumulated because of some of the things that could have been objected to." (Mot., DE # 39, at 5.) To the extent this claim relates to sentencing, it will be considered below in conjunction with her claims based on counsel's failure to challenge the criminal history points calculation and all guideline enhancements. To the extent this claim is based on petitioner's contention in her supporting memorandum that counsel was ineffective in negotiating the plea agreement, petitioner complains that she gained no real benefit by pleading guilty. (See Mem., DE # 43, at 9.) The court agrees with the government that petitioner received benefits in the form of an opportunity to cooperate and the government's informing the court of the extent of that cooperation. Having obtained some benefits for petitioner in the plea agreement, counsel was not deficient in negotiating it. Also, petitioner does not suggest that going to trial would have been more beneficial, and therefore, she was not prejudiced by any purported deficiency of counsel in negotiating the plea agreement. Petitioner has failed to sufficiently state a claim for relief based on counsel's negotiation of the plea agreement.

Petitioner's third claim, elaborated in her supporting memorandum, concerns counsel's failure to object to guideline enhancements and the calculation of her criminal history points in the presentence report ("PSR"). It is important to note that petitioner's offense level and criminal

3

Case 7:13-cr-00085-BR   Document 50   Filed 06/17/15   Page 3 of 6

history category were driven by her classification as a career offender under U.S.S.G. § 4B1.1, which provides for a base offense level of 32 in cases like petitioner's where the offense's statutory maximum is 20 years and provides for a criminal history category of VI. (See PSR, DE # 30, ¶¶ 34, 62.) The quantity of heroin with which petitioner was deemed responsible and the enhancement for using a minor to commit the offense ultimately were irrelevant to petitioner's guideline calculation because the career offender offense level overrode the otherwise applicable offense level. See U.S.S.G. § 4B1.1(b) (2013) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). Similarly, the calculation of petitioner's criminal history points was irrelevant because, as a career offender, her criminal history category was required to be VI. See id. Accordingly, petitioner was not prejudiced by counsel's failure to lodge any objection to the PSR based on drug quantity involved, role in the offense enhancement, or criminal history computation, and she has not sufficiently stated an ineffective assistance of counsel claim based on these grounds.

To the extent petitioner claims that counsel should have objected to her classification as a career offender, this claim likewise fails. Petitioner does not contend that she was not convicted of several controlled substance offenses in 2006 for which she was sentenced to 16-20 months imprisonment. (See PSR, DE # 30, ¶ 23.) She also does not deny that she was convicted of controlled substance offenses in 2008 for which she was sentenced to 12-15 months imprisonment, upon the revocation of probation. (See id. ¶ 27.) These convictions qualified petitioner for career offender designation. See U.S.S.G. § 4B1.1(a)(3) (2013) ("A defendant is a career offender if . . . the defendant has at least two prior felony

4

convictions of either a crime of violence or a controlled substance offense."). Additionally, petitioner was 36 at the time she committed the offense in this case and that offense is a controlled substance offense. Therefore, the court properly classified her as a career offender. See id. § 4B1.1(a) (2013) (in addition to having two prior qualifying felony convictions, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense[.]"). Counsel had no reason to raise an objection to the PSR on this basis and, therefore, did not act deficiently. Petitioner has not sufficiently stated a claim for ineffective assistance of counsel at sentencing.

Petitioner's final claim concerns counsel's ineffectiveness "at appeal stage." (Mot., DE # 39, at 8.) In support of this claim, petitioner alleges, "Counsel still failed to object to anything as well as appealing[.] He said if I appeal I will look forward to more enhancements." (Id.) "[C]ounsel must file a notice of appeal when instructed by her client to do so." Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015) (citation omitted). "[E]ven if the client does not expressly request an appeal, counsel must consult with her client about an appeal when a rational defendant would want to appeal or her client expresses an interest in appealing." Id. (citation omitted). Based on petitioner's recitation of counsel's statement about the likely consequences of appealing, it is apparent that counsel consulted with her about an appeal and fulfilled his duty in that regard. Petitioner does not allege that she directed counsel to appeal. Absent such an allegation, petitioner has not sufficiently alleged a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal.

In sum, the court concludes that petitioner cannot, under the facts alleged, show that she is

5

entitled to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 17 June 2015.

_____
W. Earl Britt
Senior U.S. District Judge

6

Case 7:13-cr-00085-BR   Document 50   Filed 06/17/15   Page 6 of 6