UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CR-85-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGLENA BOYNTON | ORDER |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 60.) In support, defendant relies on the decision in <u>Hughes v. United States</u>, 138 S. Ct. 1765 (2018), and unspecified retroactive sentencing guidelines effective 6 June 2018. Neither ground warrants relief.

First, in <u>Hughes</u>, the Court held that a defendant who has entered into a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines. 138 S. Ct. at 1776-77. Because defendant's plea agreement is not a Rule 11(c)(1)(C) plea agreement, see <u>United States v. Hampton</u>, Nos. 17-4758, 17-4763, 18-4077, 2018 WL 4360904, at *2 (4th Cir. Sept. 13, 2018) (recognizing that a plea agreement containing an agreement regarding a particular provision of the sentencing guidelines, "but [stating] that such a promise was not binding on the district court," is a plea agreement under Rule 11(c)(1)(B)), (<u>see</u> also Plea Agreement, DE # 21, at 8 (stating the parties' agreement as to sentencing factors is not binding on the court), <u>Hughes</u> has no application to the court's consideration of defendant's motion.

Second, no sentencing guideline amendments became effective on or around 6 June 2018. The court is not aware of any amendments that will become effective 1 November 2018 that

might affect defendant's sentence. The court notes that defendant previously filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 782. (DE # 42.) The court denied that motion because defendant's guideline offense level resulted from the application of the career offender guideline, not the drug quantity guideline, which Amendment 782 changed. (DE # 56.) Without reference to a specific amendment, the court cannot further evaluate whether defendant might be eligible for a sentence reduction.

Accordingly, defendant's motion is DENIED.

This 11 October 2018.

_____
W. Earl Britt
Senior U.S. District Judge